UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL KAMENSKY AND JERROLD KAMENSKY individually and as assignees of the Frank Kamensky Residuary Trust,<br>          Plaintiffs,<br><br>      v.<br><br>THE ESTATE OF JOEL A. WEINSTEIN, WEINSTEIN BROTHERS, INC., WEINSTEIN BROTHERS MEMORIAL CHAPELS, WEINSTEIN BROTHERS FUNERAL HOME, WEINSTEIN FAMILY SERVICES INC. WEINSTEIN CHAPELS, INC. Illinois corporations; and, THE FUNERAL DIRECTORS SERVICES ASSOCIATION OF GREATER CHICAGO,<br>          Defendants. | Case No.<br><br>JURY DEMANDED |

**COMPLAINT**

Plaintiffs PAUL KAMENSKY AND JERROLD KAMENSKY, by and through their attorneys, LAW OFFICES OF IAN HOFFENBERG LLC, complain of defendants THE ESTATE OF JOEL A. WEINSTEIN, WEINSTEIN BROTHERS, INC., WEINSTEIN BROTHERS MEMORIAL CHAPELS, WEINSTEIN BROTHERS FUNERAL HOME, WEINSTEIN FAMILY SERVICES INC., WEINSTEIN CHAPELS, INC. Illinois corporations; and, THE FUNERAL DIRECTORS SERVICES ASSOCIATION OF GREATER CHICAGO, as follows:

INTRODUCTION

1. The sale of funeral and burial services on a pre-need basis is governed by the Illinois Funeral or Burial Funds Act, 225 ILCS 45/1 *et seq*. Under this statute, when a consumer pays for the

pre-need contract and chooses to have the contract funded by a trust arrangement the consumers funds are to be held in Trust by a duly authorized trustee, until the consumer withdraws the funds or the funds are used for the funeral and burial services.

2. This complaint asserts claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act. The Illinois Funeral or Burial Funds Act, Breach of Contract and Breach of Fiduciary Duties.

3. Plaintiffs seek compensatory damages for the injuries caused by Defendants' Unlawful conduct, and such additional monetary relief as is allowed under the common law of Illinois and the Illinois Consumer Fraud and Deceptive Business Practices Act including, punitive damages, reasonable attorneys fees, court costs and any other relief which the Court deems proper.

## BACKGROUND

4. Plaintiff, Jerrold Kamensky, is a resident of Lambertville, New Jersey, and is a trustee and beneficiary of the Frank Kamensky Residuary Trust, and an assignee and owner of all rights, title and interest in a pre-arranged funeral agreement (the "Agreement") (attached hereto as Exhibit A) that plaintiffs' father, Frank Kamenky, entered into by with defendant Weinstein Brothers Inc., doing business as Weinstein Brothers Funeral Home, and/or Weinstein Funeral Homes.

5. Plaintiff Paul Kamensky is a resident of Castle Rock, Colorado and is a Trustee and beneficiary of the Frank Kamensky Residuary Trust, and an assignee and owner of all rights, title and interest in the Agreement.

6. Purchaser Frank Kamensky passed away on August 23, 2009. When Frank Kamensky passed away, he left the residuary of his estate, including, but not limited to all choses in action (including this chose in action), to the Frank Kamensky Residuary trust. Plaintiff Paul Kamensky and

Plaintiff Jerrold Kamensky, and Marvin Kamensky are the three trustees and three beneficiaries of the Frank Kamensky Residuary trust.

7. On or about July 9, 2010 Jerrold Kamensky and Paul Kamensky, for good and valuable consideration, purchased an assignment of all rights, title and interest to, and are the assignees of, the Agreement, including any and all choses in action related to, referring to, regarding or arising out of, the Agreement. A true and accurate copy of the assignment is attached hereto as Exhibit B (hereinafter referred to as the "Assignment of Rights").

8. Defendant Estate of Joel Weinstein's decedent, Joel Weinstein, was at all times relevant hereto a principal of the Defendant companies with a fiduciary responsibility to the Plaintiffs to care for the funds entrusted to defendant companies pursuant to the contract, subject hereof.

9. Defendants WEINSTEN BROTHERS, INC., WEINSTEIN BROTHERS MEMORIAL CHAPELS, WEINSTEIN BROTHERS FUNERAL HOME, and each of them, are Illinois corporations with their principle place of business in Cook County, Illinois. Defendants WEINSTEIN FAMILY SERVICES INC. and WEINSTEIN CHAPELS, INC. are Illinois corporations that upon information and belief have merged with WEINSTEN BROTHERS, INC. (hereinafter the aforementioned entities are collectively referred to as "Weinstein")

10. The Funeral Directors Services Association of Greater Chicago (hereinafter **"FDSA"**) is an Illinois corporation which acted on behalf of defendant **WEINSTEIN** as a depository for trust funds pursuant to the Agreement.

11. The **FDSA** operates the prearranged funeral fund with the following stated purpose:

> "FDSA operates the FDSA Pre-Arranged Funeral Fund which is the depository of Regular and Affiliate member's pre-need funds. This fund is professionally invested and managed. Nearly all bookkeeping functions are done for participants."

3

12. The **FDSA** has held itself out to the public through its own actions and those of its agents as an entity available to act as a fiduciary in Illinois. In said capacity the **FDSA** agreed to accept the deposit of Trust Funds for the Agreement and has failed to maintain its Fiduciary Duties and to account for the funds deposited with the FDSA. pursuant to the Agreement and pursuant to the laws of the State of Illinois.

## JURISDICTION AND VENUE

13. Jurisdiction is proper pursuant to 28 U.S.C. §1332. The parties being of different States and the amount inj controversy exceeds the sum of $75,000.00.exclusive of interest and costs.

14. Venue is proper in the Northern District of Illinois pursuant to 40 U.S.C. §3131, et. seq. The underlying contract was executed and for services to be performed in the Northern District of Illinois.

## GENERAL ALLEGATIONS

15. On or about the third day of December, 1986, Frank and Faye Kamensky (hereinafter "Purchasers") entered into a pre-arranged funeral agreement (the "Agreement") (attached hereto as Exhibit A) with defendant Weinstein Brothers Inc., doing business as Weinstein Brothers Funeral Home, and/or Weinstein Funeral Homes.

16. When Frank Kamensky signed the Agreement in 1986, he gave Weinstein $4,800.00 in funds (hereinafter "Trust Funds") to be held in trust by defendants until his death.

17. Weinstein agreed to accept the deposit of Trust Funds in relation to the Agreement, and has failed to maintain their fiduciary duties and have failed to account for the funds pursuant to the Agreement and pursuant to the laws of the State of Illinois.

18. Pursuant to the terms of the Agreement, Weinstein acted as the trustee for funds paid by

4

Purchasers and were duly obligated to deposit said funds with the FDSA. The funds were to be held in trust for the benefit of Purchasers to fund the Agreement, and to accrue interest, said interest to become part of the trust account (hereinafter "Trust Account").

19. Weinstein was required to notify Frank Kamensky of the amount of interest earned on and credited to the Trust Account, and to retain possession of any saving account book or other certificate evidencing the deposit.

20. On or about November 23, 1993 Purchaser Faye Kamensky died testate in the City of Chicago and the State of Illinois.

21. On or about August 23, 2009 Purchaser Frank Kamensky died testate in the Village of Lincolnwood and the State of Illinois.

22. The Defendants, and each of them, failed to annually account to the Purchasers or the beneficiaries of the pre-needs trust and this failure to account allowed the inappropriate activity alleged herein to go undetected.

23. All pre-need funeral and burial services agreements sold in the State of Illinois are governed by Funeral or Burial Funds Act, 225 ILCS 45/1 *et seq* provides in pertinent part:

> "Sec. 1 Payment under pre-need contract. Except as otherwise provided in this Section, all sales proceeds paid to any person, partnership, association or corporation with respect to merchandise or services covered by this Act, upon any agreement or contract, or any series or combination of agreements or contracts. which has for a purpose the furnishing or performance of funeral services, or the furnishing or delivery of any personal property, merchandise, or services of any nature in connection with the final disposition of a dead human body, including, but not limited to, outer burial containers, urns, combination casket-vault units, caskets and clothing, for future use at a time determinable by the death of the person or persons whose body or bodies are to be so disposed of; shall be held to be trust funds, and shall be placed in trust in accordance with Sections 1b and 2, or shall be used to purchase life insurance or annuities in accordance with Section 2a. The person, partnership, association or corporation receiving said payments under pre-need contract is hereby declared to be a trustee thereof until deposits of funds are made in accordance with Section 1b or 2a of this Act. Persons holding less than $500,000 in trust funds may continue to act as the trustee after the funds are deposited in accordance with subsection (d) of Section 1b.

24. Pursuant to 225 ILCS 45/1a-1(6) at the time the consumer enters into the pre-need contract for the funeral or burial services the method of funding the agreement must be disclosed. This disclosure includes whether the pre-need contract is to be funded by a trust, life insurance, or an annuity and the nature of the relationship among the person funding the pre-need contract, the provider, and the seller.

25. Pursuant to 225 ILCS 45/2:

(a.) If a purchaser selects a trust arrangement to fund the pre-need contract, all trust deposits as determined by Section 1b shall be made within 30 days of receipt.

(b.) A trust established under this Act must be maintained:

(1) in a trust account established in a bank, savings and loan association, savings bank, or credit union authorized to do business in Illinois in which accounts are insured by an agency of federal goverment; or

(2) In a trust company authorized to do business in Illinois.

26. The funds deposited by the consumer and held in trust may be withdrawn and the pre-needs contract may be revoked by the consumer prior to the death of person whose funeral or burial was prepaid. 225 ILCS 45/4 provides in pertinent part:

Sec. 4 Withdrawal of funds; revocability of contract.

(a.) The amount or amounts so deposited into trust, with interest thereon, if any, shall not be withdrawn until the death of the person or persons for whose funeral or burial such funds were paid, unless sooner withdrawn and repaid to the person who originally paid the money under or in connection with the pre-need contract or to his or her legal representative ...

(b.) If for any reason a seller or provider who has engaged in pre-need sales has refused, cannot, or does not comply with the terms of the pre-need contract within a reasonable time after he or she is required to do so, the purchaser or his or her heirs or assigns or duly authorized representative shall have right to a refund of an amount equal to the sales price paid for undelivered merchandise or services plus otherwise earned undistributed interest amounts held in trust attributable to the contract, within 30 days of the filing a sworn affidavit with the trustee setting forth the existence of the contract and the fact of breach....."

> (c.) After final payment on a pre-need contract any purchaser may, upon written demand to a seller, demand that the preneed contract with the seller be terminated. The seller shall, within 30 days, initiate a refund to the purchaser of the entire amount held in trust attributable to undelivered merchandise and unperformed services, including otherwise earned undistributed interest earned thereon or the cash surrender value of a life insurance policy or tax deferred annuity.

27. Next, the Illinois Funeral or Burial Funds Act, 225 ILCS 45/4 allows for, and actually requires a refund of all trust funds to plaintiff. Section four states:

> (c-5) If, after the death of the beneficiary, no funeral merchandise or services are provided or if the funeral is conducted by another provider, the seller may keep no more than 10% of the payments made under the pre-need contract or $300, whichever sum is less. The remainder of the trust funds or insurance or annuity proceeds shall be forwarded to the legal heirs of the deceased beneficiary or as determined by probate action.

28. Weinstein did not perform the funeral services in relation to Frank Kamensky's passing .

29. Weinstein performed the funeral services for Faye Kamensky's passing, however, did so at full price and with total disregard for their contractual duties.

30. Pursuant to 760 ILCS 5/11

> (a.) Every trustee at least annually shall furnish to the beneficiaries then entitled to receive or receiving the income from the trust estate, or if none, then those beneficiaries eligible to have the benefit of the income from the trust estate a current account showing the receipts, disbursements and inventory of the trust estate.

31. At all times material hereto the defendants and each of then have failed to account for the funds paid by the purchasers, said failure, in violation of the Common Law, fiduciary duties and statutory obligations as herein referred to.

32. At all times material hereto the defendants and each of them failed to exercise the judgment and care under the circumstances then prevailing that persons of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard

to the accounting for the funds entrusted to them and have otherwise failed to fulfill their obligations.

33. The defendants and each of them have acted with a wanton willful and/or reckless disregard for the rights of the plaintiffs assignee/purchasers.

## COUNT I
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505, et. seq.

34. Plaintiffs adopt paragraphs 1-33 as paragraph 34 herein.

35. This Count brought by plaintiffs individually and as assignees, against the Defendants and each of them as a result of violations of the Illinois Funeral and Burial Funds Act.

36. At all relevant times herein, there were in full force and effect in the State of Illinois a statute commonly known as the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq.

37. The Illinois Consumer Fraud and Deceptive Business Practices Act provides, 815 ILCS 505/10 (a), as follows:

> "Any person who suffers actual damages as a result of a violation of this act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. ..."

38. Purchasers are consumers within the meaning of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1(e).

39. Defendants and each of them violated the Illinois Funeral or Burial Fund Act by failing to provide an accounting to the plaintiffs with respect to the pre-need trust funds on an annual basis; failing to account for the transfer of funds by and between the defendants and each of them, and otherwise improperly investing or disposing of the funds held in trust.

40. Defendants conduct described herein constitutes an unlawful practice under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1, et seq.

41. As a result of Defendants conduct as alleged herein, plaintiffs have suffered economic damages including but not limited to the diminution of the value of the funds held in trust for their benefit.

42. Section 10a of the Illinois Consumer Fraud Act allows plaintiff to recover attorneys fees and costs.

WHEREFORE, plaintiffs respectfully prays that the court grant judgment in their favor, against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other and further relief the court deems just and equitable.

<u>COUNT II</u>
<u>VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND</u>
<u>DECEPTIVE BUSINESS PRACTICES ACT</u>
<u>815 ILCS 505, et. seq.</u>
<u>(Violation of Other Acts Clause)</u>

43. Plaintiffs adopt paragraphs 1-42 as paragraph 43 herein.

44. Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act in their actions that constitute violations of other Illinois statutes.

45. Specifically, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2Z states:

> § 2Z. Violations of other Acts. Any person who knowingly violates the…the Illinois Funeral or Burial Funds Act, the Cemetery Oversight Act, the Cemetery Care Act…commits an unlawful practice within the meaning of this Act.

46. That the defendants have violated the Illinois Funeral or Burial Funds Act.

47. The Illinois Funeral or Burial Funds Act, 225 ILCS 45/1, et. seq., in pertinent part, states:

>   a. § 1. Payment under pre-need contract. Except as otherwise provided in this Section, all sales proceeds paid to any person, partnership, association or corporation with respect to merchandise or services covered by this Act, upon any agreement or contract, or any series or combination of agreements or contracts, which has for a purpose the furnishing or performance of funeral services, or the furnishing or delivery of any personal property, merchandise, or services of any nature in connection with the final disposition of a dead human body…shall be held to be trust funds, and shall be placed in trust (in accordance with Sections 1b and 2, or shall be used to purchase life insurance or annuities in accordance with Section 2a. The person, partnership, association or corporation receiving said payments under a pre-need contract is hereby declared to be a trustee thereof until deposits of funds are made in accordance with Section 1b or 2a of this Act.

48. Section 1b requires depositing the funds into trust, with a trustee other than the Seller of funeral services.

49. Furthermore, section two (2) requires that the deposit of the funds into trust be made within 30 days of receipt.

50. Defendants failed to deposit plaintiff's funds, thereby violating the Illinois Funeral or Burial Funds Act, 225 ILCS 45/1, et. seq., and thus violating the Illinois Consumer Fraud and Deceptive Business Practices Act.

51. Next, the Illinois Funeral or Burial Funds Act, 225 ILCS 45/4 allows for, and actually requires a refund of all trust funds to plaintiff. Section four states:

> (c-5) If, after the death of the beneficiary, no funeral merchandise or services are provided or if the funeral is conducted by another provider, the seller may keep no more than 10% of the payments made under the pre-need contract or $300, whichever sum is less. The remainder of the trust funds or insurance or annuity proceeds shall be forwarded to the legal heirs of the deceased beneficiary or as determined by probate action.

52. Defendants did not provide funeral merchandise or services to purchasers or plaintiffs, and yet have refunded on monies to plaintiffs or purchasers.

53. Lastly, according to section 1a-1, a "guaranteed price contract" shall contain the following statement in 12 point bold type:

**THIS CONTRACT GUARANTEES THE BENEFICIARY THE SPECIFIC GOODS AND SERVICES CONTRACTED FOR. NO ADDITIONAL CHARGES MAY BE REQUIRED. FOR DESIGNATED GOODS AND SERVICES, ADDITIONAL CHARGES MAY BE INCURRED FOR UNEXPECTED EXPENSES INCLUDING, BUT NOT LIMITED TO, CASH ADVANCES, SHIPPING OF REMAINS FROM A DISTANT PLACE, OR DESIGNATED HONORARIA ORDERED OR DIRECTED BY SURVIVORS**.

54. The Agreement failed to contain this language.

55. Thus, defendants have violated the Illinois Funeral or Burial Funds Act, and have thus violated the Illinois Consumer Fraud and Deceptive Business Practices Act.

56. Section 10a of the Illinois Consumer Fraud Act allows plaintiff to recover attorneys fees and costs.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable.

COUNT III
BREACH OF CONTRACT

57. Plaintiffs adopt paragraphs 1-56 as paragraph 57 herein.

58. This Count is brought by plaintiffs individually and as assignees of the Frank Kamensky Residuary Trust, against Defendants and each of them.

59. The defendants and each of them sponsors, markets and promotes the FDSA pre-need Trust and is a licensed seller of the pre-need funeral or burial services. Under this arrangement, FDSA and/or its members entered into contracts for pre-need funeral or burial services with purchasers. These contracts are "form contracts" provided by the FDSA. The

contract of plaintiffs is attached hereto as Exhibit A and incorporated herein by this reference thereto.

60. Plaintiffs/purchasers have fully performed all of the obligations required of them under the contract.

61. Defendants have breached the terms of the Agreement.

62. **WEINSTEIN** Brothers, Inc. held itself out in said contract to be a Trustee. **WEINSTEIN** implies by such a representation that it was qualified and/or authorized to act as a Trustee.

63. In breach of the agreement, at no time was **WEINSTEIN** qualified or authorized to act as a trustee under the laws of this state and in particular, under the Corporate Fiduciary Act, 205 ILCS 620/1-1, et seq.

64. Pursuant to paragraphs 1, 3, and 4 of the Plaintiff's purchasers contract agreed to hold said funds in trust and accumulate earnings. **WEINSTEIN** has failed to hold said funds in trust as required by the **AGREEMENT** and/or has failed to provide annual notice regarding the earnings and status of the trust funds.

65. Upon information and belief Defendant, **WEINSTEIN** paid the funds to Defendant **FDSA** who has failed, despite requests by the Frank Kamensky Residuary Trust, to account for the funds and has failed to provide annual notice to purchaser pursuant to 225 ILCS 45/41 et seq.

66. Defendant **FDSA** by its agents has stated in communications to the Plaintiffs that they have no records of the funds and that they believe that the funds were transferred to defendant **WEINSTEIN** in or about the years between 2004-2007 at or about the time that defendant **WEINSTEIN** withdrew from the **FDSA.**

67. Defendants and each of them are unable to account for the funds or the aforementioned transfer of funds.

68. Defendant **WEINSTEIN** has breached its contract with plaintiff.

    (a.) Failed to provide annual notice of the earnings of the trust funds as required by agreement and statute.

    (b.) Failed to maintain the funds in Trust as required by the contract and statute.

69. As a direct and proximate result of the Defendants breaches of the Agreement as set forth herein, Plaintiffs have been damaged and suffered the loss of principal and accumulating interest.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable

COUNT IV
BREACH OF FIDUCIARY DUTIES

70. Plaintiffs adopt paragraphs 1-69 as paragraph 70 herein.

71. This Count is brought by plaintiffs individually, and as assignees of the Frank Kamensky Residuary Trust.

72. In the course of acting as a Trustee under the contracts entered into by the plaintiffs/purchasers the Defendants and each of them accepted and held the funds paid by the purchasers in the capacity of fiduciaries.

73. It is the fundamental duty of a trustee to hold the trust assets and to administer them solely in the interest of the trust beneficiaries.

74. A trustee is under a duty to deal impartially with all beneficiaries of the trust.

75. Under the Illinois Funeral or Burial Funds Act (225 ILCS 45/4a), the Defendants and each of them had a fiduciary duty with respect to the investment of trust funds, to exercise the judgment and care under the circumstances then prevailing that persons of prudence, discretion and intelligence exercise in the management opf their affairs considering the probable income and safety of their capital.

76. The defendants and each of them breached their fiduciary duties to the plaintiffs/purchasers when they: 1) accepted funds as a trustee despite not being a company authorized to transact a business as trustees in violation of 225 ILCS /1 *et. seq.* 2) failed to safely and securely deposit the funds entrusted to them for the purposes so entrusted, 3) failed to annually account to the Plaintiffs/purchasers of the **Agreement**, 4) failing to properly invest the funds entrusted to them pursuant to the laws of the State of Illinois and the **Agreement** subject hereof.

77. As a direct and proximate result of the breach of fiduciary duty set forth herein, plaintiffs have been damaged and suffered a diminution in value in the funds agreed to be held in trust for their benefit.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable..

## COUNT V
## ACCOUNTING

78. Plaintiffs adopt paragraphs 1-77 as paragraph 78 herein.

79. This Count is brought by plaintiffs individually and as assignees of the Frank Kamensky Residuary Trust, against Defendants and each of them.

14

80. Purchasers gave funds to defendants and such monies were to be held by defendants in trust for the benefit of plaintiff.

81. Defendants never notified purchasers or plaintiffs of the amount or location of such funds.

82. There is a need for discovery here to determine the whereabouts of funds paid by purchasers to defendants, which were paid by purchasers to defendants to be held in escrow by defendants for the benefit of purchasers and plaintiffs.

83. Furthermore, in as set forth herein, defendants breached their fiduciary duties owed.

84. As set forth herein, defendants engaged in a fraud.

85. Wherefore plaintiff requests an accounting of funds given by purchasers to defendants and held by defendants.

86. That the current value, taking into account investment of said funds and interest accrued on said funds, should be returned to plaintiffs.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable..

<u>COUNT VI</u>
<u>COMMON LAW FRAUD</u>

87. Plaintiffs adopt paragraphs 1-86 as paragraph 87 herein.

88. This Count is brought by plaintiffs individually and as assignees of the Frank Kamensky Residuary Trust, against Defendants and each of them.

89. Defendants had statutory duties to purchasers and plaintiffs, to inform purchasers and plaintiffs with regards to information regarding funds held by defendants.

90. Defendants concealed said information when they had a duty to inform purchasers and plaintiffs of same.

91. Defendants breached their fiduciary duties to plaintiffs, which is constructively fraudulent.

92. Defendants made several misrepresentations, as set forth herein, which were false statement of material fact.

93. As a direct result of defendants' conduct, plaintiffs have suffered damages as a result.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable..

COUNT VII
UNJUST ENRICHMENT

94. Plaintiffs adopt paragraphs 1-93 as paragraph 94 herein.

95. This Count is brought by plaintiffs individually and as assignees of the Frank Kamensky Residuary Trust, against Defendants and each of them.

96. This count is plead in the alternative to other relevant count(s) plead herein.

97. As set forth herein, there was monies paid to defendants, which defendants have failed to account for.

98. Also, as set forth herein, defendants committed violations of several statutes and common law, and have violated their duties as set forth by said statutes and common law.

99. Thus, defendant's retention of the current value of the funds paid to them is a benefit unjustly retained to plaintiff's detriment.

100. Defendants' retention of any such benefit violates the fundamental principles of justice, equity and good conscience.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable..

## COUNT VIII
## NEGLIGENT MISREPRESENTATION

101. Plaintiffs adopt paragraphs 1-100 as paragraph 101 herein.

102. This Count is brought by plaintiffs individually and as assignees of the Frank Kamensky Residuary Trust, against Defendants and each of them.

103. Defendants herein made several misrepresentations to purchasers and plaintiffs, as set forth herein.

104. Defendants also had statutory duties to purchasers and plaintiffs, to inform purchasers and plaintiffs with regards to information regarding funds held by defendants, and failed or concealed said information when they had a duty to inform purchasers and plaintiffs of same.

105. As a direct result of defendant's actions, Plaintiffs have suffered damages as a result.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable..

## COUNT IX
## PROMISSORY ESTOPPEL

106. Plaintiffs adopt paragraphs 1-105 as paragraph 106 herein.

107. This Count is brought by plaintiffs individually and as assignees of the Frank Kamensky Residuary Trust, against Defendants and each of them.

108. As set forth herein, defendants made promises to purchasers, which purchasers relied on.

109. As a direct result of defendants failure to abide by said promises, plaintiffs have suffered damages as a result.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable..

## COUNT X
## CONVERSION

110. Plaintiffs adopt paragraphs 1-109 as paragraph 110 herein.

111. This Count is brought by plaintiffs individually and as assignees of the Frank Kamensky Residuary Trust, against Defendants and each of them.

112. Purchasers gave funds to defendants, and such funds were to be held by defendants in trust, for the benefit of plaintiff.

113. As set forth herein, defendants have failed to account for said funds.

114. Defendants have converted said funds.

115. Also, as set forth herein, defendants committed violations of several statutes and common law, and have violated their duties as set forth by said statutes and common law.

116. Plaintiff had a right to monies paid by plaintiff to defendants, which were to be held in escrow by defendants for the benefit of plaintiff.

117. Defendants wrongfully took the funds without authorization, wrongfully assuming control, dominion, or ownership over said funds.

WHEREFORE, plaintiffs demands judgment in the amount of $300,000.00 against defendants, jointly severally and in the alternative for compensatory damages, punitive damages attorneys fees and costs; and such other relief the court deems just and equitable.

                                            Respectfully Submitted,
                                           Plaintiffs,

                                                     /s/ Ian B. Hoffenberg
                                      By:_____
                                            One of their attorneys

Law Offices of Ian B. Hoffenberg LLC
Attorneys for Plaintiffs
221 N. LaSalle St. Suite 1300
Chicago, IL  60601
Ph: 312-544-9001