# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERROLD KAMENSKY individually and as assignee of the Frank Kamensky Residuary Trust,<br><br>    Plaintiff,<br><br>  v.<br><br>THE ESTATE OF JOEL A. WEINSTEIN; WEINSTEIN BROTHERS, INC.; WEINSTEIN BROTHERS MEMORIAL CHAPELS; WEINSTEIN BROTHERS FUNERAL HOME; WEINSTEIN FAMILY SERVICES, INC.; WEINSTEIN CHAPELS, INC.; Illinois corporations; and THE FUNERAL DIRECTORS SERVICES ASSOCIATION OF GREATER CHICAGO,<br><br>    Defendants. | Case No. 10-cv-6605<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion by Defendants Weinstein Brothers, Inc., Weinstein Brothers Memorial Chapels, Weinstein Brothers Funeral Home, Weinstein Family Services, Inc., and Weinstein Chapels, Inc. (collectively, the "moving defendants") to dismiss the amended complaint filed by Plaintiff Jerrold Kamensky ("Plaintiff"). The moving defendants argue, *inter alia*, that dismissal is proper pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). For the reasons that follow, the Court grants the instant motion to dismiss.

## FACTUAL BACKGROUND

Plaintiff filed his second amended complaint on October 25, 2010 asserting claims in ten counts against the moving defendants, the Estate of Joel A. Weinstein[1], and the Funeral Directors Services Association of Greater Chicago ("FDSA"). (Dkt. No. 3.) Plaintiff alleges that he is the assignee and owner of all rights, title, interest, and choses of action related to a pre-arranged funeral agreement (the "Agreement") that Frank and Faye Kamensky formed with Defendant Weinstein Brothers, Inc. ("WBI") in December 1986. (*Id.* at ¶¶ 4, 14.) Pursuant to the Agreement, Frank and Faye Kamensky (the "Purchasers") provided WBI with $4,800.00 that was to be held in trust until Frank's death. (*Id.* at ¶ 15.) The Agreement and the Illinois Funeral or Burial Funds Act (the "Funeral Act"), 225 ILCS 45/1 *et seq.*, required WBI to annually report the amount of interest earned on the trust account until the funds were either withdrawn or used for funeral and burial services. (*Id.* at ¶¶ 1, 16.)

Plaintiff alleges, upon information and belief, that the moving defendants have merged into one entity. (*Id.* at ¶ 8.) These defendants allegedly deposited the Purchasers' funds with Defendant FDSA to professionally manage and invest. (*Id.* at ¶¶ 9-10.) Plaintiff claims that the moving defendants failed to provide the required annual accounting, provided funeral services for Faye Kamensky upon her death in November 1993 at full price without regard to the Agreement, failed to provide funeral services for Frank Kamensky upon his death in August 2009, and violated various provisions of the Funeral Act. (*Id.* at ¶¶ 16, 19-21.) Based on these actions, Plaintiff seeks $300,000 in damages in a ten count complaint asserting: two violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, breach of contract, breach of fiduciary duty, a claim for an accounting, common law fraud, unjust enrichment, negligent misrepresentation, promissory estoppel, and conversion. (*See* generally Am. Compl.) Plaintiff alleges that federal diversity jurisdiction over these state law claims is proper because the parties

---

1 The Estate of Joel A. Weinstein has not been served in this action.

are from different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. (*Id.* at ¶ 12.)

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001) (internal quotations and citations omitted). Congress has provided that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs" and where the action is between "citizens of different states." 28 U.S.C. § 1332(a). The requirement that the action be between citizens of different states generally requires complete diversity, meaning that no plaintiff may be a citizen of the same state as any defendant. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c); *McCready*, 453 F.3d at 891. An individual is a citizen of the state of his domicile rather than the state of his residence. *Simon v. Allstate Emp. Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001). "When the parties allege residence but not citizenship, the court must dismiss the suit." *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

As the proponent of jurisdiction, the plaintiff has the burden of establishing the requirements for diversity jurisdiction. *Transit Express*, 246 F.3d at 1023. In evaluating a motion brought to dismiss for lack of subject matter jurisdiction, the Court accepts as true all well-pleaded factual allegations and draws all reasonable references in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

**DISCUSSION**

The moving defendants seek dismissal arguing that the amended complaint does not set forth the requirements necessary to establish diversity jurisdiction. The Court agrees. While Plaintiff alleges that he is a resident of Lambertville, New Jersey, he fails to include any allegations regarding his citizenship. (Dkt. No. 3 ¶ 4.) Plaintiff also fails to properly allege the citizenship for some of the moving defendants. The amended complaint alleges that Defendants Weinstein Brothers, Inc., Weinstein Brothers Memorial Chapels, and Weinstein Brothers Funeral Home are all Illinois corporations with their principal place of business in Cook County, Illinois. (*Id.* ¶ 8.) These allegations sufficiently establish that these defendants are Illinois citizens. As to Defendants Weinstein Family Services Inc. and Weinstein Chapels, Inc., however, Plaintiff alleges they are Illinois corporations but fails to allege the state in which they maintain their principal place of business. (*Id.*) Although Defendant FDSA has not joined in the instant motion, the amended complaint also fails to allege the state of its principal place of business. (*Id.* at ¶ 9.) Moreover, there are no allegations regarding the citizenship of Defendant the Estate of Joel A. Weinstein. These deficiencies prevent the Court from determining whether complete diversity exists between the parties and thus the Court must dismiss the amended complaint for want of subject matter jurisdiction.

The moving defendants also claim that the amount in controversy does not exceed $75,000.00 as Plaintiff alleges. They argue that Plaintiff lacks a good faith basis for claiming $300,000 in damages stemming from the breach of a $4,800.00 contract. A district court generally accepts the plaintiff's good faith allegations of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *McMillan v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). When a

defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with competent proof. (*Id.*) A good-faith estimate of the amount in controversy is acceptable if it is plausible and adequately supported by evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Once the jurisdictional facts have been established, a case is subject to dismissal only if it is "legally certain" that recovery will be less than the jurisdictional floor. *Meridian Sec. Insur. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

Plaintiff responds that his assertion regarding the amount of controversy is controlling. Yet, a plaintiff's jurisdictional assertions are controlling only where they stand unchallenged. *McMilllan*, 567 F.3d at 844. Plaintiff's response does provide some factual support that he will recover more than $75,000.00 when punitive damages and attorney's fees are included, but does so in a footnote which fails to provide sufficient detail to be considered "competent proof." *See, e.g., Am. Bankers Life Assur. Co. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003) (finding no competent proof where plaintiff simply pointed to the theoretical availability of certain categories of damages). Further, Plaintiff's burden here is to provide a good faith estimate of the amount in controversy, not the amount of damages he will likely recover. Plaintiff made no effort to provide the Court with an estimate of the amount in controversy supported by affidavit or by other evidentiary matter. Plaintiff's failure to meet his burden of establishing the amount in controversy further warrants dismissal of this action for want of jurisdiction.

Defendants also seek dismissal on several other grounds including that certain claims are time-barred, that the fraud-based claims do not meet the particularity requirement of Rule 9(b), and that other claims are not properly pled. Having determined that subject matter jurisdiction is lacking, the Court makes no attempt to address the remaining challenges. Plaintiff is granted

leave to amend to properly plead subject matter jurisdiction and to cure any other deficiencies present in his amended complaint.

## **CONCLUSION**

For the foregoing reasons, the Court grants the moving defendants' motion to dismiss without prejudice. The Court grants Plaintiff leave to file a second amended complaint within three weeks from the date of this Order.

IT IS SO ORDERED.

_____  _____
Dated: May 13, 2011                               Honorable Sharon Johnson Coleman
                                                  United States District Court